IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02852-GPG

BRETT E. LANCASTER,

    Plaintiff,

v.

WINDSOR POLICE SRGT STRAIGHTLINE,
WELD COUNTY SHERIFF STEVEN REAMS,
WELD COUNTY A.D.A MR. ROACH,
WELD COUNTY D.A., and
WELD COUNTY UNDER SHERIFF STERLING GEESAMAN,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Brett E. Lancaster, currently is detained at the Weld County Jail in Greeley, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint alleging that his constitutional rights have been violated.  Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an amended prisoner complaint.

    Plaintiff asserts five claims regarding his arrest, conditions of his confinement, and his bond.  Plaintiff requests money damages and that "my name [be] cleared," my

"arrest dissolved," and "I get back what I lost." (ECF No. 1 at 12).

The Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.

First, Plaintiff fails to assert the jurisdiction for his claims. In the B. Jurisdiction section of the complaint form, Plaintiff only states that "my civil rights under US Constitution." (ECF No. 1 at 4). Plaintiff must complete this section and properly assert the basis for jurisdiction in this Court. To state proper jurisdiction, Plaintiff must indicate the specific federal legal basis for his claims.

Second, Plaintiff fails to provide a clear and concise statement of each claim that demonstrates he is entitled to relief. Instead, Plaintiff provides vague and conclusory factual allegations without making clear what specific claims he is asserting against each named Defendant and what specific facts support each asserted claim. Merely making vague and conclusory allegations that his rights have been violated does not

entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, neither the Court nor the Defendants are required to guess in order to determine what specific claims are being asserted and what specific factual allegations support each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005);

In addition, it appears that Plaintiff has not been convicted and is pending a state court criminal trial. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995).

If, however, Plaintiff has been convicted and sentenced a challenge to his conviction and sentence more properly is addressed in a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action. The Supreme Court has explained the role of habeas and civil rights actions as follows:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement

>or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006). If Plaintiff wishes to pursue any habeas corpus claims, once he has been conviction and sentenced, he must file a separate habeas corpus action. Before seeking habeas corpus relief in federal court, Plaintiff must exhaust state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief).

Moreover, to the extent that Plaintiff is challenging actions by the district attorneys, these individuals are immune from suit. A district attorney is entitled to absolute immunity in 42 U.S.C. § 1983[1] suits for activities within the scope of his prosecutorial duties. *See Ambler v. Pachtman*, 424 U.S. 409, 420-24 (1976). The Tenth Circuit has found that state prosecutors' "decisions to prosecute, their investigatory or evidence–gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court" are activities intimately associated with the judicial process. *See Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009). Any part a district attorney has in deciding to charge an individual with an offense is within the scope of his prosecutorial duties.

Accordingly, the Court instructs Plaintiff to file an amended prisoner complaint.

---

[1] Since Plaintiff has stated generically in the B. Jurisdiction section of the complaint form that he is asserting jurisdiction under the U.S. Constitution, the Court will construe for purposes of this Order that Plaintiff intends to assert his claims pursuant to 42 U.S.C. § 1983.

In order to comply with the pleading requirements of Rule 8, Plaintiff must present his claims clearly and concisely so that it allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. To state a claim in federal court, Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic* , 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must allege how each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a 42 U.S.C. § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.  Moreover, Plaintiff may not include any claims against a county or other municipal entity, such as the Weld County Sheriff, unless he alleges facts that demonstrate he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

Finally, Plaintiff may use fictitious names, such as John or Jane Doe, if he does not know the real names of the individuals who allegedly violated his rights.  Plaintiff, however, must provide sufficient information about each defendant so that they can be identified for the purpose of service.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Prisoner Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss the Complaint and action without further notice.

DATED January 21, 2016, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____
United States Magistrate Judge