IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02852-GPG

BRETT E. LANCASTER,

    Plaintiff,

v.

WINDSOR POLICE SGT. STRAIGHTLINE,
WELD COUNTY SHERIFF STEVEN REAMS,
WELD COUNTY JAIL,
WELD COUNTY PUBLIC DEFENDER'S OFFICE,
PUBLIC DEFENDER MEGAN O'BRIAN,
JUDGE DANA WILSON,
WELD COUNTY D.A., and
STATE OF COLORADO,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Brett E. Lancaster, is an inmate at the Weld County Jail in Greeley, Colorado. Plaintiff initiated this action on December 31, 2015, by filing *pro se* a Complaint (ECF No. 1) alleging a violation of his civil rights under the United States Constitution. After granting Plaintiff leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915, Magistrate Judge Gordon P. Gallagher directed Plaintiff to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; asserted the basis for jurisdiction in this Court; did not run afoul of *Younger v. Harris,* 401 U.S. 37 (1971); did not raise habeas corpus claims; and did not raise claims against defendants that were entitled to immunity.  (*See* ECF

No. 10). On February 8, 2016, Plaintiff filed an Amended Prisoner Complaint (ECF No. 14) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Because Plaintiff has been granted leave to proceed under the in forma pauperis statute, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious or seek damages from defendants who are immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Amended Complaint and action will be dismissed.

In the Amended Complaint, Plaintiff asserts four claims entitled "violated my right to free speech and press" (Claim One); "unfair representation" (Claim Two); "false imprisonment" (Claim Three); and "unfair bond practices" (Claim Four). (*See* ECF No. 14, at 8-11). Although not entirely clear, Plaintiff claims that his constitutional rights were violated in November and December 2015 when he was arrested by Windsor police on a warrant. (*Id.,* at 6-8). Plaintiff further claims that his constitutional rights

were violated on January 8, 2016 during a state court hearing when his bond was not reduced and the charges against him were not dismissed. (*Id.,* at 8-9). Plaintiff also contends that he is being falsely imprisoned in the Weld County Jail. (*Id.,* at 10). Finally, Plaintiff challenges the $10,000.00 bond that was set in his state court proceedings. (*Id.,* at 11). He seeks money damages. (*Id.,* at 13).

Plaintiff may not pursue his § 1983 claims that his constitutional rights are being violated in connection with ongoing state court criminal proceedings in this action at this time. Plaintiff was warned in the Order Directing Plaintiff to File Amended Complaint that absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if three conditions are met: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges. *Phelps*, 122 F.3d at 889.

The first condition is met because Plaintiff concedes that the state court proceedings are ongoing.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, Plaintiff fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Plaintiff "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Plaintiff will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889. It is Plaintiff's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* Plaintiff fails to demonstrate that the criminal proceedings pending against him were commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal proceedings have been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

Generally, where *Younger* abstention is appropriate, a plaintiff's § 1983 claims for damages will be stayed pending resolution of the state criminal proceeding. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (a district court finding that *Younger* abstention is required should stay claims for monetary relief that cannot be redressed in the state proceeding); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

In this case, however, the Court declines to stay the § 1983 claims of false arrest and malicious prosecution because Plaintiff has failed to state an arguable claim for relief against any of the Defendants. In *Deakins*, the Supreme Court determined that a stay of the damages claims was appropriate because there was "no question that [the complaint] alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction." 484 U.S. at 204. The Fifth Circuit Court of Appeals has

interpreted *Deakins* "to require the district court to make, if appropriate, the threshold determination whether the action is frivolous under § 1915(d)." *Marts v. Hines*, 68 F.3d 134, 135 (5th Cir. 1995); *see also Cassell v. Osborn,* Nos. 93-1557, 93-1607, 93-2079, 1994 WL 159424 (1st Cir. April 26, 1994) (unpublished) ("The preference expressed in *Deakins*, . . . for staying rather than dismissing, cognizable federal claims that allege facts 'sufficient to justify the District Court's retention of jurisdiction,' does not come into play where the claims asserted are patently frivolous."). The Court agrees with the approach of the Fifth Circuit.

Even if Plaintiff's claims were not barred by the rule in *Younger*, the claims are subject to dismissal under § 1915(e)(2)(B). First, the Eleventh Amendment prevents Plaintiff from suing the State of Colorado for damages. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998).

Second, Plaintiff may not sue the Weld County Sheriff and Weld County Jail because these entities are not "persons" subject to suit under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th

Cir. 1993). Even construing the Amended Complaint liberally as asserting a claim against Weld County, Plaintiff may not sue a municipality like Weld County in a civil rights action pursuant to § 1983 unless he can demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Plaintiff fails to allege that his arrest and imprisonment were caused by a municipal policy or custom of Weld County.

Third, Defendant Judge Dana Wilson is absolutely immune from liability in a civil rights suit when she acts in her judicial capacity, unless she acts in the clear absence of all jurisdiction. *See Morales v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Scarman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Questions of competency are "'intimately associated with the judicial phase of the criminal process.'" *See Wolf v. Scobie*, 28 F. App'x 545, 548 (7th Cir. 2002) (citation omitted)). Here, Defendant Wilson was acting in her judicial capacity when she required Plaintiff to post bond and refused to dismiss the charges against him; she was not acting in the clear absence of all jurisdiction.

Fourth, Defendants Weld County Public Defender's Office and Public Defender Megan O'Brian also are improper defendants in this action. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally

guaranteed rights and to provide relief to victims if such deterrence fails."). *See also Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995) (stating "even if counsel performs what would otherwise be a traditional lawyer function . . . so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law"). Defendants Weld County Public Defender's Office and Public Defendant Megan O'Brian are not "persons" subject to suit under § 1983. Also, claims of ineffective assistance of counsel should be brought either on direct appeal in the criminal case or on habeas corpus review and are not cognizable in this action.

Fifth, Defendant Weld County D.A. is entitled to absolute prosecutorial immunity in a § 1983 suit for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process.'" *Snell*, 920 F.2d at 686 (quoting *Imbler*, 424 U.S. at 430). Plaintiff's allegations indicate that he is suing Defendant Weld County D.A. for actions taken in the course of their prosecutorial duties.

In summary, the instant action will be dismissed because Plaintiff fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings. Thus, *Younger* abstention is appropriate. If Plaintiff ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may challenge the conviction in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Amended Prisoner Complaint (ECF No. 14) and the action are dismissed for the reasons stated in this order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  4th  day of    March    , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court